CLIFFORD CRANDALL, Respondent, v. FORD MOTOR COMPANY, Appellant.*

Third Department, January 7, 1942.

*David F. Lee* [*Thomas J. Hughes* and *Donald W. Cramer* of counsel], for the appellant.

*Bonney & Bonney* [*Albert Averbach* of counsel], for the respondent.

CRAPSER, J. The action was originally commenced by the service of a summons and complaint upon the defendant on September 25, 1939, and issue was joined by the service of an answer to the original complaint by the defendant-appellant on December 1, 1939.

In the original complaint the plaintiff set forth three causes of action and he alleged that his causes of action originated in 1934.

* See *post*, pp. 767, 1028; 264 App. Div. 805.

The action was for $1,000,000 damages, for an accounting and he also sought an injunction.

After issue was joined by the service of an answer by the defendant and on December 14, 1939, the defendant demanded a bill of particulars which bill of particulars was served on December 21, 1939. In that bill of particulars plaintiff stated on oath that he had been experimenting with the radio equipment as alleged in his complaint, approximately three months prior to July 2, 1934, and that his experiments ceased in the fall of 1935; that he invented the method of insulating the spare wheel carrier approximately three months prior to July 2, 1934, and devised the method of insulating the rear deck door during the month of June, 1934.

Thereafter a demand for a bill of particulars was made by the plaintiff upon the defendant and the defendant furnished two bills of particulars under one cover and the defendant stated in said bill of particulars that it first used the method of insulating the spare-wheel carrier on automobiles for a radio antenna in September, 1933, and that the defendant commenced using the rear deck or truck compartment itself as a form of radio antenna on the Lincoln-Zephyr in August, 1935, but had previously used the entire trunk of its Lincoln automobiles as an antenna as early as 1930.

Thereafter the defendant amended its answer and set forth additional facts in connection with its affirmative defenses that the devices of the plaintiff were neither novel nor original but had been known and published long prior to the time the plaintiff claimed to have invented them.

After the service of the amended answer by the defendant, the amended complaint, which is the present complaint in this action, was served and set forth four rather than three causes of action. It deletes all reference to Jack Young who, it was alleged in the original complaint, was an employee, servant and/or agent of the defendant corporation, with authority to represent the said defendant within the State of New York and particularly within the territory embracing the county of Chenango, N. Y., with the title, service division manager of the Buffalo branch.

The amended complaint proceeds upon the same theory as the original complaint except that the plaintiff now alleges that his invention was made in the spring of 1933 rather than in the spring of 1934.

After the service of the defendant's second amended answer the plaintiff procured an order to show cause and made a motion for the examination of the defendant before trial and an order for such examination was granted and an appeal from that order is now before this court.

This is the second order for a pre-trial examination of the defendant. There was an appeal from the first order to this court which is reported in 260 Appellate Division, 380. The first order covered twenty-eight pages of the printed record and the subjects concerning which inquiry may be made are listed in sixty numbered paragraphs. That order was reversed upon the law and the facts and as the result an application was made and the order appealed from here was secured. The present order contains seven paragraphs.

The appellant concedes that the plaintiff is entitled to an examination on paragraphs 1, 2 and 3 of the present order, but complains that the order appealed from is too broad and should be modified.

Paragraph 1 of the order appealed from should be amended to read: The plaintiff may examine the defendant to secure a complete disclosure with respect to the nature and extent of the authority, duties, powers, authorizations and limits thereof of a certain E. J. Detmold, during the months of June, July and August, 1934.

Paragraph 2 of the order should be amended to read as follows: The plaintiff may examine the defendant to secure a complete disclosure with respect to the nature and extent of the authority, duties, powers, authorizations and limits thereof of a certain David Neill, during the months of January, February and March, 1935.

Paragraph 3 of the order should be amended to read as follows: The plaintiff may examine the defendant to secure a complete disclosure with regard to instructions given to David Neill and E. J. Detmold, servants and/or agents of the defendant, holding the titles of " Branch Manager," " Service Division Manager," " Service Supervisor," " Service Traveler " and " Service Instructor," with reference to making routine inspection visits throughout the territory covered by their employment with reference to acquiring information concerning new devices, creations and inventions, and the instructions with reference to the methods they were to use in obtaining disclosures or information concerning new devices, creations and inventions, during the period beginning in the spring of 1933 and ending about February 13, 1935, and with particular application and reference to any instructions given to them or either of them with reference to Clifford Crandall, his inventions, creations, methods or devices.

The appellant objects to the examination as to the matters stated in paragraphs 4, 5 and 6 of the order appealed from because the defendant claims that it has already furnished complete bills of particulars in reference thereto.

A careful examination of paragraphs 4, 5 and 6 of the order and the corresponding replies of the bill of particulars shows that the bill of particulars does not fully cover the information asked for in paragraphs 4, 5 and 6 of the order appealed from. The matter asked for seems to be information that the plaintiff ought to secure and that the defendant ought to be able to give. If an examination is not permitted upon these paragraphs confusion may arise at the trial upon just what information the bill of particulars furnished and, therefore, it can do no harm if the plaintiff is permitted to examine, according to the order, paragraphs 4, 5 and 6.

The objection to paragraph 7 by the appellant is that it has furnished the affidavits of a number of the employees of the defendant; certain of these affidavits are made by persons actually in charge of the files of the defendant and indicate that such files contained no correspondence of the type sought by the plaintiff. It must be remembered in this connection that the plaintiff had no chance to examine the persons making the affidavits; they are *ex parte* papers and none of them has the same force and effect as the verified pleadings and bill of particulars. The examination provided by paragraph 7 is proper.

The list to be furnished by said order to Bonney & Bonney, plaintiff's attorneys, should be furnished by January 29, 1942, and the first examination under this order, which was originally set down for the 24th of November, 1941, is set down for the 19th day of February, 1942, at ten o'clock in the forenoon, at the same place as in the original order, and the original order, as modified, should be affirmed, with costs.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Order modified and, as so modified, affirmed, with costs.